UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARIA FERNANDEZ                                         CIVIL ACTION

VERSUS                                                  NO. 07-9299

ALLSTATE INSURANCE                                      SECTION "C" (2)
COMPANY

ORDER

This matter is before the Court on the issue of its subject matter jurisdiction in this removed action. The Court previously ordered briefing on whether the jurisdictional amount existed at the time of removal (Rec. Doc. 3), seeking affirmative proof of the amount in controversy. Having considered the record, the memoranda, and the law, the Court has determined that it lacks jurisdiction for the following reasons.

The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc*., 193 F.3d 848 (5th Cir. 1999). Additionally, bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A*., 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as the one at bar. *Id.; Luckett v. Delta Airlines, Inc.,* 171 F.3d 295 (5th Cir. 1999).

1

In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists.  *Id*.  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  *Id*.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  *St. Paul Mercury Indemnity Co. V. Red Cab Co.,* 303 U.S. 283, 287, fn. 10 (1938)(citing, *McNutt v. General Motors Corp*., 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board,* 681 F.2d 1039 (5th Cir. 1982), *cert. denied,* 459 U.S. 1107 (1983).

Plaintiff is a Louisiana homeowner whose property allegedly incurred damages as a result of Hurricane Katrina.  Plaintiff's home, which is located in Violet, Louisiana, was insured under a homeowner's policy issued by defendant Allstate.  After the storm, plaintiff filed claims under the homeowner's policy.  The policy contained coverage limits of $67,000 on the dwelling, $33,500 in personal property,  $6,700 on other structures, and up to twelve months of additional living expense coverage.  Plaintiff did not have flood insurance.  To date, Allstate has paid plaintiff  $6,276.07 for damages to dwelling, $3,497.30 under the other structures coverage, and $5,000 in living expenses.  This leaves the potential maximum amount in controversy to be $92,426.63, based on the value of the policy.  However, Allstate does not provide information as to the amount of the plaintiff's claim based on the extent of damage sustained by the plaintiff's property.

Allstate alleges that plaintiff agrees that the amount in controversy is greater than the jurisdictional minimum. Allstate contends that plaintiff's refusal to sign a Pre-Removal Binding Stipulation shows that the amount in controversy is greater than $75,000. However, plaintiff's refusal to sign the stipulation does not prove that the controversy meets the jurisdictional minimum. A failure to stipulate is only one factor to consider in determining whether a removing party has met its burden, and does not on its own establish that this Court has jurisdiction. *See Carbajal v. Caskids Oil Operating Co.,* 2006 WL 1030392 at *3 (E.D. La. April 18, 2006). Additionally, plaintiff fails to provide the Court with sufficient affirmative proof that the damages incurred less amount tendered is greater than the jurisdictional minimum. Neither plaintiff nor defendant Allstate establish damage assessments or repair estimates for the property. They also do not allege the property was a total loss, and neither party points to other evidence that the policy limits are implicated in this case. In cases involving "the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim - not the face amount of policy." *Hartford Ins. v. Lou-Con Inc.,* 293 F.3d 908, 911 (5th Cir. 2002) (quoting 14B C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure: Jurisdiction* 3d § 3710 (3d ed. 1998)).

It is not facially apparent nor have the facts been set forth at this time to show that the jurisdictional minimum was met on the date of removal. Defendant's reliance on the amounts of the policy limit does not prove that the amount in controversy meets the jurisdictional minimum. *See Hartford Ins.*, 293 F.3d at 911. In order to have shown this affirmatively, defendant should have provided the Court with the amount of plaintiff's claims along with payments tendered. The Court, in order to fulfill its duty to ensure it has proper jurisdiction over this matter, requires specificity from the parties, particularly the defendant, who has the burden to show by a

preponderance of the evidence that the jurisdictional minimum exists. Additionally, though defendant notes that the plaintiffs have also made claims for penalties and attorneys' fees, it must do more than point to the possibility of such fees and present facts indicating the propriety of such penalties. *See Thompson v. Allstate Insurance Company*, 2007 WL 763219 (E.D. La. March 8, 2007).

The Court finds that the defendant has not established that it is facially apparent that the claims are likely above the jurisdictional minimum or set forth facts in controversy that support a finding of the jurisdictional minimum. The Court is mindful that removal is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100 (1941); *Brown v. Demco, Inc.,* 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller, & E. Cooper, 14B *Federal Practice & Procedure: Civil* § 3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller, & E. Cooper, 14B *Federal Practice & Procedure: Civil* § 3739.

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1447(c).

IT IS FURTHER ORDERED that Civil Action 07-9326 is hereby DISMISSED as duplicative of Civil Action 07-9299.

New Orleans, Louisiana, this 31st day of January, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE